FRED HEIM BREWING COMPANY, Appellant, v. JACOB HAMILTON and ABBIE HAMILTON, Appellees.

**New Trial:** MISCONDUCT IN ARGUMENT.    Misconduct of counsel in
1    argument having the effect of influencing the passions and
prejudice of the jury is ground for a new trial, which should be granted on motion.

**Same:** FAILURE TO FILE VERDICT.    A judgment entered upon a ver-
2    dict which was not filed and made a part of the record should be set aside on motion.

*Appeal from Appanoose District Court.—* HON.  D.  M. ANDERSON, Judge.

MONDAY, FEBRUARY 17, 1908.

ACTION to recover the purchase price of certain intoxi-

cating liquors sold and delivered to defendants. Defendants alleged that the liquors were sold illegally and with intent to aid them in violating the laws of the State. Trial to a jury, verdict and judgment for defendants, and plaintiff appeals.— *Reversed.*

*John B. Smith* and *James Wilson,* for appellant.

No appearance for appellee.

DEEMER, J.— The record is very peculiar, in that it contains a bill of exceptions showing some of the very errors of which plaintiff complained in its motion for a new trial, and yet the motion was for some reason overruled. Among the grounds of the motion were (a) misconduct of defendants' counsel in his argument to the jury, and (b) judgment upon an alleged verdict which was never filed or recorded as provided by law. The bill of exceptions, signed by the trial judge, recites " that defendants' counsel was guilty of prejudicial misconduct in his argument to the jury; his remarks being intended to and having the effect of influencing the passions and prejudices of the jury." The bill further recites that the verdict of the jury was not filed with the clerk and made a part of the record as provided by law, although it does say that the jury returned into court a verdict for the defendants. Section 3732 of the Code provides that the verdict shall in all cases be filed with the clerk and entered upon the record, . . . and be a part of the record. In the face of the facts above recited the trial court overruled plaintiff's motion for a new trial, and ordered judgment for defendants. Upon its own record, the motion should have been sustained because of misconduct of counsel, if upon no other ground. And a judgment upon a verdict which has never been filed and made of record should be set aside upon motion. Just why this verdict was not filed and made of record does not appear; but, as it was not, there seems to be nothing upon which to base the judgment.

No other of the alleged errors is of any merit, unless it ·be that the court was in error in instructing that the jury might find the sales were made in Iowa. The testimony on this point would hardly have· justified a verdict for the defendants upon the theory that the liquors were sold·in this state.

For the errors pointed out, the judgment must be, and it is, *reversed.*